UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


KEVIN PETTY,

             Petitioner,

v.                                   Case No. 5:03-cv-344-Oc-10GRJ

DONALD A. MCKELVY, etc., et al.,

             Respondents.

_____

## ORDER DENYING PETITION

      Petitioner is a District of Columbia (D.C.) prisoner confined at the United States Penitentiary of the Federal Correctional Complex in Coleman, Florida. Petitioner initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner challenges the U.S. Parole Commission's (the Commission) computation of his Salient Factor Score (SFS).[1]  (Doc. 1). Petitioner alleges the Commission erred in determining his SFS, and this alleged error resulted in a higher guideline range than applicable.  As relief requested, Petitioner seeks the Court to order the Commission to conduct a new hearing.

---

[1] The Commission's current guidelines for D.C. Code offenders are contained at 28 C.F.R. §2.80. The Salient Factor Score is a numerical value calculated by considering the number of prior convictions the potential parolee has.  "An evaluation sheet containing a "salient factor score" serves as an aid in determining the parole prognosis (potential risk of parole violation)...."  28 C.F.R. §2.20(e).

On December 22, 2003, Respondents filed a Response asserting that Petitioner is not entitled to the relief he seeks and that the Petition should be denied. (Doc. 6).  On January 7, 2004, Petitioner filed a reply.  (Doc. 7).   The Petition, the Response to the Petition and the administrative record submitted with the Response, Petitioner's Reply, and the other pleadings demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record.  See Habeas Rule 8(a).[2]

### **Factual and Procedural History**

On May 27, 1980, Petitioner was convicted in the Superior Court of the District of Columbia for first degree murder, felony murder, robbery, and the unauthorized use of a vehicle.  Petitioner was sentenced to a total aggregate sentence of life imprisonment.  Prior to these convictions, Petitioner had an extensive juvenile and adult criminal history.   (Doc. 6, Ex. A-D).

On March 31, 2004, Petitioner was eligible for parole to supervision in the community.  (Doc. 6, Ex. E).  On May 29, 2003, a hearing examiner held Petitioner's initial parole hearing and concluded Petitioner's SFS was 2 and his base point score was 9.  The hearing examiner evaluated Petitioner's case as follows:

> The examiner discussed with the prisoner the severity rating, the SFS score and guideline items with the prisoner.  He admits to the description of the offense behavior, SFS items and the guideline range.

(Petitioner's statement, in part , found at Doc. 6, Ex. F, pg. 42).

---

[2] Pursuant to Habeas Rule 1(b) of the "Rules Governing Section 2254 Cases," the Court has discretion to apply the Rules to habeas corpus petitions under §2241.

Subject's base point score guideline range is 110-140 months. He has served 299 months at his PE date.   Subject is assessed 14 months for negative institutional behavior and credit with 44 months of SPA.[3]   This gives him a total guideline range of 365-409 months to be served with good institutional adjustment and program participation.  As of today's date, 5/28/03, subject has served 291 months.  This is well below the bottom of the guideline.  This examiner can find no good reason to go below the guideline and grant subject parole, based on the nature of the offense and subject's admission to committing this offense.  This examiner would, therefore, recommend a Rehearing in 5 years.  Because the current offense resulted in the death of a victim, this case can be reconsidered at a 5 year time frame.  Accordingly this examiner would recommend the maximum Rehear guideline of 5 years.

(Overall Evaluation found at Doc. 6, Ex. F, pg. 44).

The Commission agreed with the hearing examiner's computations and recommendation.  The Commission denied Petitioner parole and continued his reconsideration until May 2008.  (Doc. 6, Ex. G).

## Claims of Petition

In his Petition, Petitioner presents the following grounds for relief:

(1) When the Commission found that for determining the risk of recidivism factor of the prescribed guidelines pursuant to 28 C.F.R. 2.20, the Petitioner had, for the purpose of the Salient Factor Score, four or more prior convictions, it unlawfully used two prior juvenile charges that were summarily dismissed in a juvenile adjudication proceeding and was not present in Petitioner's files as a prior conviction.

(2) When the Commission found that for determining the risk of recidivism factor of the prescribed guidelines pursuant to 28 C.F.R. 2.20, Petitioner had, for the purpose of the Salient Factor Score, three or more commitments of 30 days or more, it unlawfully utilized a juvenile commitment which was less than 30 days.

(Doc. 1 at pg. 2).

---

[3]Superior Program Achievement

## Standard of Review

"Parole is not a right, but an expectation that may be granted by the Commission."  Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)(internal citations omitted).  Although this Court can review a decision of the Commission, that review is extremely limited and requires a showing that the Commission exceeded its statutory authority.[4] "So long as there are no violations of any required due process protections and the Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress."[5]  The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion.[6]  An action of the Commission  is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations.[7]

## Merits of Claims

Petitioner makes conclusional assertions that his prior convictions contained in the presentence report are inaccurate.  Under item A of the SFS, the Commission totaled Petitioner's prior convictions as five and under item B of the SFS, the

---

[4]  Brown v. Lundgren, 528 F.2d 1050, 1054 (5th Cir. 1976).

[5]  Stroud v. U. S.  Parole Comm'n, 668 F.2d 843, 846 (5th Cir. 1982).

[6]  Dye v. U. S. Parole Comm'n, 558 F.2d 1376, 1378 (10th  Cir. 1977).

[7]  Zannino v. Arnold, 531 F.2d 687, 690-91 (3rd Cir. 1976).

Commission computed Petitioner's record as containing three or more prior commitments of more than thirty days. Upon review of the record, the Court concludes the record supports the Commission's computation of Petitioner's scores.[8] Further, as Respondent points out, even if the Commission erred in counting one of his commitments, Petitioner cannot establish prejudice in that the alleged error would not result in a different guideline range. Therefore, the Court concludes there is no indication of arbitrary and capricious action by the Commission and Petitioner's petition is due to be denied.

## Conclusion

For the reasons stated herein, as well as the reasons stated in Respondent's response, the Petition is **DENIED with prejudice**. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 5th day of April 2007.

_____
UNITED STATES DISTRICT JUDGE

c:   Kevin Petty
     Counsel of Record

---

[8]The convictions listed in the pre-sentence report include: 1) April 1, 1969 for breaking and entering; 2) possession of marijuana in 1970; 3) February 23, 1971 for breaking and entering; 4) possession of a stolen auto and possession of heroin in 1972; 5) March 19, 1973 conviction for atrocious assault; 6) August 7, 1973 conviction for possession of a stolen auto; 7) June 23, 1975 conviction for armed robberies. (See Doc. 6, Ex. D).